IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
RONDA SCOTT,                       )    2:08-cv-1127-GEB
                                   )
          Plaintiff,               )
                                   )
     v.                            )    ORDER*
                                   )
                                   )
INTEGRA TELECOM                    )
                                   )
          Defendant.               )
_____  )
```

On July 17, 2008, Plaintiff filed a motion for leave to file an amended complaint in this removed action. The proposed amendments are three new state claims: a claim for harassment based on sex, a claim for harassment based on disability, and a claim for failure to reasonably accommodate Plaintiff's disability. All proposed claims are against Defendant Telecom Integra ("Integra"); however, the sex harassment and disability harassment claims would also be alleged against non-diverse Defendant Mike Hogan ("Hogan"); Plaintiff intends the amendment to join Hogan as a defendant. Integra opposes the portion of Plaintiff's motion in which she seeks join Hogan as a

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

defendant, arguing Hogan was previously a defendant in this action but was voluntarily dismissed by Plaintiff. Integra contends Plaintiff seeks to place Hogan "back into the case" for the improper purpose of destroying diversity jurisdiction. (D. Opp'n at 1:21-25.)

"Once removal has occurred [based on diversity of citizenship], the district court has two options in dealing with an attempt to join a non-diverse party. 28 U.S.C. § 1447(e) provides that if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court. The language of § 1447(e) is couched in permissive terms and it clearly gives the district court discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). Although § 1447(e) provides no standards to guide the exercise of the district court's discretion, the following non-exclusive factors may be considered: (1) whether the would-be defendants are necessary parties; (2) whether Plaintiff can still bring a claim in state court; (3) whether there has been any unexplained delay in joinder; (4) whether it appears Plaintiff is seeking to destroy diversity; (5) the merit of the claims; and (6) whether Plaintiff would suffer prejudice without joinder. See Bonner v. Fuji Photo Film, 461 F.Supp.2d 1112, 1119-1120 (N.D. Cal. 2006).

Plaintiff explains that Hogan was only dismissed from this case (when it was pending in state court) because the California Supreme Court recently held in Jones v. Lodge at Torrey Pines Partnership, 42 Cal.4th 1158 (2008), individuals could not be sued for retaliation under FEHA. The case was removed after that dismissal. Plaintiff asserts that Integra "removed the case before [she] could

file a motion to amend [,and] [t]here has not been an undue delay" in Plaintiff's seeking leave to file an amended complaint alleging claims against Hogan. (Pl. Reply at 3:3-4).  Integra concedes that the claims Plaintiff seeks to allege against Hogan may be time barred if Plaintiff's motion to join Hogan is denied.  (D. Opp'n at 5:22-23). Further, Plaintiff argues Integra may avoid liability for the claims Plaintiff seeks to allege against both Hogan and Integra since Integra could assert an employer defense that is not available to Hogan.  (Pl. Reply at 5:12-16.)

     Plaintiff has shown she should be granted leave to file the referenced amended complaint.  Plaintiff has ten days leave from the date on which this Order is filed to file the amended complaint. Since diversity of jurisdiction will no longer exist after Hogan is joined as a party, at the same time Plaintiff files her amended complaint she shall also file a proposed order remanding this case to state court.

Dated:   October 9, 2008

                                     _____
                                     GARLAND E. BURRELL, JR.
                                     United States District Judge